### No. 846
### SPAETH v. ROTH
Ohio Appeals, 2d District, Franklin County
No. 1096. Decided Oct. 4, 1923

**166. ERROR.**
Verdict for defendant in automobile collision case held not manifestly against weight of evidence.

BY THE COURT.

#### Epitomized Opinion

This was an action for damage to an automobile caused by a collision. The plaintiff's car was struck by another car. The plaintiff testified that the collision was due to the negligence of the driver of the other car. This was contradicted by both the

driver of the other car and a passenger in it. The jury returned a verdict for the defendant, whereupon the plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That it could not be said that the verdict was manifestly against the weight of the evidence, as reasonable minds might differ on the issues involved.

Attorneys—F. S. Monnett and G. R. Doll, for plaintiff; Saffin & Sandles, for defendant.

---

No. 847

KENSINGTON HOTEL v. WEINMAN

Ohio Appeals, 9th District, Cuyahoga County
No. 4626. Decided Nov. 5, 1923

207. INNKEEPERS.

Loss of clothing from room, by a guest, not necessary to show negligence by keeper—Keeping transients, nor staying over a day, after boarding a week, paying a day's rate, still a guest.

Weinman admitted that there was no negligence, and that if the relation of innkeeper and guest existed between them, it was not necessary to show negligence, and he would be entitled to recover. Court of Appeals, in affirming the judgment of the trial court, held:

Because the hotel received transients as well as boarders, and the mere fact that Weinman stayed a week and paid a week's rate in advance, did not, any the less, make him a guest of the hotel. As there was enough in the record to show that the relation of hotel keeper and guest existed between the parties, the judgment in favor of Weinman must be affirmed.

Attorneys—J. S. Pressman, for Hotel; Townes & Portman, for Weinman.

---

No. 848

BATES, Trustee, v. FIRESTONE

Ohio Appeals, 9th District, Medina County
No. 64. Decided May 9, 1923

26. JUDGMENTS.

Exception taken to entry of, in trial court held not necessary. 294. PLEADING. Failure to answer or demur to petition stating cause of action, held waiver of right to object at trial. 115. CORPORATIONS. Subscription by stockholder to stock offered by corporation to him completes contract. 195. FRAUD AND DECEIT. As defense proved by preponderance of evidence.

PARDEE, J.

Epitomized Opinion

This is an action to recover from Firestone $6,000 upon a written subscription made by him for 30 shares each of common and preferred of the Portage Rubber Co. Firestone alleged that he withdrew his subscription before it was accepted, and also alleged that the subscription was obtained by the fraud and misrepresentation of the company. The jury returned a verdict for defendant. Error is assigned on the ground that the court refused to charge as requested by the trustee, that Firestone must prove the alleged fraud and misrepresentation by clear and convincing evidence, also that the verdict is manifestly against the weight of the evidence. In answer thereto Firestone claims that the trustee is not entitled to a review because an exception was not taken to the entry of the judgment in the lower court; that the company failed to comply with the Blue Sky Law; and that the subscription was conditional, and he withdrew it before it was accepted by the company. The Court of Appeals, in reversing the judgment held:

1. It is not necessary to have an exception taken to the entry of the judgment in the lower court, 26 OS. 372, 12 OS. 402.

2. As to the Blue Sky Law, Firestone did not object to the petition by demurrer or answer, and as the petition stated a good cause of action, Firestone waived his right to object at the trial, 2 CC. n. s. 358, 25 OCC. 482, 91 OS. 212.

Attorneys—W. E. Young and A. Van Epp, for Bates, Trustee; Webber, Turner, Abt & Gnau, for Firestone.

Attorneys—J. R. Kistner, for Trumbull Co.; J. H. C. Lyon and C. J. Well, for Plaintiff.